28 F.3d 113
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Sylvester Eugene GAY, Defendant-Appellant.
 No. 93-5271.
 United States Court of Appeals, Tenth Circuit.
 July 11, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Sylvester Eugene Gay appeals dismissal of his 28 U.S.C. 2255 motion to vacate his sentence. We conclude that the appeal is governed by Custis v. United States, 114 S.Ct. 1732 (1994), and requires that we affirm.
 
 
 3
 Defendant pleaded guilty to a single charge of armed bank robbery. He was sentenced under the guidelines as a career offender to a 210-month term of imprisonment followed by three years of supervised release. That sentence was affirmed by our court in United States v. Gay, No. 90-5098 (10th Cir. March 27, 1991). Our decision specifically held that the district court properly applied the sentencing guidelines in classifying defendant as a career offender and enhancing his sentence.
 
 
 4
 Defendant then filed a 2255 motion which was denied by the district court on the ground that it raised issues concerning the validity and use of defendant's prior convictions which had been considered at sentencing and on appeal of defendant's sentence. Defendant appealed. We held that he had raised new collateral attacks on state convictions used to enhance his sentence and remanded to the district court for an evidentiary hearing to allow defendant to demonstrate cause and prejudice excusing his failure to raise these issues to the sentencing court or on direct appeal. United States v. Gay, No. 92-3182 (10th Cir. June 21, 1993). The district court held an evidentiary hearing and again denied relief. Defendant now appeals that denial.
 
 
 5
 While this latest appeal was pending, the Supreme Court rendered its decision in Custis, which held that the validity of prior state convictions utilized to enhance a sentence under the Armed Career Criminal Act, 18 U.S.C. 924(e)(1), may not be collaterally attacked in federal sentencing proceedings unless those state convictions were obtained in violation of a defendant's right to counsel. 114 S.Ct. at 1738-39. It is apparent from the record, and defendant has not argued to the contrary, that he had counsel when he was convicted of the crimes utilized to enhance his federal sentence. Therefore, the issue becomes whether Custis controls the instant appeal, in which defendant's sentence was enhanced because he was a "career offender," considering that Custis' enhancement occurred because he was an "armed career criminal." Compare 28 U.S.C. 994(h) with 18 U.S.C. 924(e); U.S.S.G. 4B1.1 with U.S.S.G. 4B1.4.
 
 
 6
 In Custis the Supreme Court noted specific instances in which Congress provided a defendant a statutory basis for challenging prior convictions utilized to enhance a sentence for a current conviction. The Court concluded that the armed career criminal statute, 18 U.S.C. 924(e), did not provide for such collateral challenges. Section 924(e) instead mandated enhanced sentences following certain types of convictions. Conviction is defined broadly in that it only excludes a "conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored." 18 U.S.C. 921(a)(20).
 
 
 7
 The statute at issue in the instant case, 28 U.S.C. 994(h), directs the Sentencing Commission to promulgate guidelines enhancing sentences for certain "career offenders." It also is silent as to a defendant's ability to attack those prior convictions. The implementation of the directive of 994(h) is in U.S.S.G. 4B1.1. The definitions applicable to 4B1.1 do not address collateral attacks on prior convictions. U.S.S.G. 4B1.2, 4A1.2. Therefore, we hold that Custis compels us to conclude that defendant may not challenge his prior state convictions in the context of his sentence as a career offender. He must attack those sentences in state court or through a separate federal habeas action, and if successful "then apply for reopening of any federal sentence enhanced by the state sentences." Custis, 114 S.Ct. at 1739.
 
 
 8
 AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470